UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-537-FDW-DCK

| MEGAN STEPANSKY, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JIMMY LANE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court on review of the Plaintiff's pro se Complaint [Doc. 1]. The Plaintiff has applied to proceed in forma pauperis.[1] [Doc. 2].

The pro se Plaintiff, who purports to reside in Charlotte but who is actually a Virginia fugitive,[2] filed this action pursuant to 42 U.S.C. § 1983 for the violation of her Fourth Fifth, Eighth, and Fourteenth Amendment rights. [Doc. 1 at 7]. The scattershot Complaint addresses incidents that allegedly occurred in Scott and Tazewell Counties, Virginia, and in Hawkins County, Tennessee. The Complaint addresses a variety of topics including several evictions and encounters with law enforcement officers, the purported theft of her property from a storage facility, and the conditions of confinement that she allegedly experienced during a brief incarceration at the Southwest Virginia Regional Jail Authority.

---

[1] The Court declines to rule on the Plaintiff's IFP Application because venue does not lie here for the reasons discussed *infra*.

[2] The Mecklenburg County Sheriff's Office website indicates that the Plaintiff was arrested in Charlotte on October 19, 2023 for "FUGITIVE/EXTRADITION OTHER STATE," on a Virginia warrant for a felony probation violation, Scott County Va. Circuit Case No. CR23000111-02. *See* https://mecksheriffweb.mecklenburgcountync.gov/Arrest/Details/1891043?pid=507628&lastName=stepansky&last24only=False&maxrows=100&page=1 (last accessed Oct. 20, 2023); Fed. R. Ev. 201.

Under the general venue provision of 28 U.S.C. § 1391(b), a civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred … ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). The district court in a district where a case is filed, laying venue in the wrong district "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

No Defendant resides in this District, and none of the incidents addressed in the Complaint are alleged to have occurred here. It appears that the majority of the incidents allegedly occurred in Scott County, which is located in the Western District of Virginia. It, therefore, appears that the Western District of Virginia is best suited to resolve this action and this action will be transferred to the Western District of Virginia.

**IT IS THEREFORE ORDERED** that the Clerk of Court shall **TRANSFER** this action to the United States District Court for the Western District of Virginia.

Signed: October 23, 2023

_____
Frank D. Whitney
United States District Judge